United States District Court
Middle District of Florida
Orlando Division

**ANTONIO CHRISTIAN JONES,**

    *Plaintiff,*

v.     NO. 6:20-cv-1600-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

_____

# Order

Earlier in the case, the Court granted the Acting Commissioner of Social Security's unopposed motion to remand the case, reversed the denial of Antonio Jones's application for disability insurance benefits and supplemental security income and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 26, 27, 28. Jones now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $3,595.87 in attorney's fees. Doc. 29. The Acting Commissioner has no opposition. Doc. 29 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested the fees, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Jones prevailed because the Court ordered a sentence-four remand. Doc. 27. His December 7, 2021, request, Doc. 29, was timely because he made it within 30 days of finality of the September 9, 2021, judgment, Doc. 28. He represents that his net worth did not exceed $2 million when he filed this case, Doc. 29 at 2, and the Court accepts that representation. His motion includes an assertion that the Acting Commissioner's position was not substantially justified, Doc. 29 at 2, 6–7, and the Acting Commissioner has not attempted to satisfy her burden of showing otherwise. The Acting Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Jones is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... [it] shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the cap, a court should use the cost-of-living increase when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *accord United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28

3

(11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must establish reasonableness. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court "is itself an expert" on reasonable rates, may consider its own "knowledge and experience" about reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Jones is represented by Richard Culbertson, Esquire, and Sarah Jacobs, Esquire. Neither attorney provides an affidavit on experience or customary rate, but their experience and specialization in social-security matters is known in the legal community and reflected in their many appearances in social-security cases here. Records of The Florida Bar show Culbertson has been a member since 1991, and Jacobs has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Jones submits details of tasks performed for, and time spent on, the action. *See* Doc. 29 at 11–12. Jones requests an hourly rate of $207.78 for work completed in 2020 and $212.05 for work completed in 2021. Doc. 29 at 2, 7.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and

4

reputation), based on the Court's own knowledge and expertise, the Court finds the market rate for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour. On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to the time Culbertson and Jacobs completed work for Jones. *See* U.S. Dep't. of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited December 8, 2021).

Culbertson and Jacobs together spent 17 hours on the case. Culbertson worked 1.2 hours (0.9 hours in 2020 and 0.3 hours in 2021), and Jacobs worked 15.8 hours (1.2 hours in 2020 and 14.6 hours in 2021). Doc. 29 at 11–12. Their tasks included preparing the complaint, reviewing the 1,000-plus-page administrative record, preparing the brief, and preparing the EAJA motion. Doc. 29 at 11–12. None of the work appears clerical or secretarial, and none appears excludable as unnecessary. The number of hours is reasonable.

Using the number of hours and requested rates, attorney's fees of $3,595.87 (2.1 hours in 2020 at an hourly rate of $207.78 and 14.9 hours in 2021 at an hourly rate of $212.05) are reasonable.[1]

The Court leaves to the Acting Commissioner's discretion whether to accept Jones's assignment of EAJA fees, Doc. 29-1, after determining whether he owes a federal debt.

---

[1] 2.1 hours multiplied by $207.78 plus 14.9 hours multiplied by $212.05 equals $3,595.88, but Jones requests $3,595.87. The Court awards the amount requested.

Because Jones is eligible and the requested attorney's fees are reasonable, the Court **grants** the motion, Doc. 29; awards him $3,595.87 in attorney's fees; and directs the Clerk of Court to enter judgment in favor of Antonio Christian Jones and against the Acting Commissioner of Social Security for $3,595.87 in attorney's fees.

**Ordered** in Jacksonville, Florida, on December 8, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*